# Hugh Beattie, Plff. in Err., *v.* Citizens' Passenger Railway Co.

A passenger's stepping from the front platform of a street car, with his back towards the horses, and retaining his hold on the dashboard, while the car is in motion, constitutes such contributory negligence as deprives him of any right of action against the company for an injury sustained in consequence.

(Decided November 9, 1885.)

Error to the Court of Common Pleas of Allegheny County to review a judgment for defendant. Affirmed.

Hugh Beattie boarded a car of the Citizens' Passenger Railway Company, which operates a street railway in the city of Pittsburgh, and took his stand upon the steps of the front platform, there being no other room on the car, with his back towards the horses. While in that position, a passenger desiring to alight from the car told the driver to stop, which he attempted to do. When the car had come to a standstill, as Beattie supposed, he stepped from the platform upon the ground to open a passage down the steps. When his foot touched the ground he found that, by reason of a defective brake, the driver had failed to stop the car, and it was still moving. In order to keep his balance he retained his hold on the dashboard and hopped along on one foot calling to the driver to stop the car. The car was not stopped and he was finally drawn under it and received permanent injuries. He thereupon brought an action to recover damages and was nonsuited, whereupon he brought error.

NOTE.—It is contributory negligence for a passenger to alight from a street car while moving, though the conductor has failed to stop the car on request (Foster v. Union Traction Co. 199 Pa. 498, 49 Atl. 270; Neff v. Harrisburg Traction Co. 192 Pa. 501, 73 Am. St. Rep. 825, 43 Atl. 1020; McCracken v. Consolidated Traction Co. 201 Pa. 378, 88 Am. St. Rep. 814, 50 Atl. 830); or though it has been customary to so alight at a certain point with the knowledge of the conductor and motorman. Jagger v. People's Street R. Co. 180 Pa. 436, 38 L. R. A. 786, 36 Atl. 867. So to alight backwards, as in BEATTIE V. CITIZENS' PASS. R. CO. will be such contributory negligence as to prevent a recovery. Colgan v. West Philadelphia Pass. R. Co. 4 W. N. C. 400; Purtell v. Ridge Ave. Pass. R. Co. 3 Pa. Co. Ct. 273.

As to negligence in getting on or off a moving street car, see editorial note to Jagger v. People's Street R. Co. 38 L. R. A. 786, containing a full presentation of the authorities on that subject. See also editorial note to Carr v. Eel River & E. R. Co. 21 L. R. A. 354, presenting the authorities as to liability for injuries in getting on or off moving railroad trains.

*John Marron,* for plaintiff in error:—Neither the officers of corporations, nor the managers of the cars, nor the traveling public, seem to regard the practice of standing upon the platform of street cars hazardous; nor does experience thus far seem to require that it should be restrained on the ground of its danger. Meesel v. Lynn & B. R. Co. 8 Allen, 234; Germantown Pass. R. Co. v. Wallin, 97 Pa. 55, 39 Am. Rep. 796; Justice HUNT, in Sioux City & P. R. Co. Stout, 17 Wall. 657, 21 L. ed. 745.

When the question of negligence arises upon a state of facts upon which reasonable men fairly arrive at different conclusions, the fact of negligence cannot be determined until one or the other of these conclusions has been drawn by the jury. Negligence cannot be conclusively established by a state of facts upon which reasonable men may differ.

Justice COOLEY, in Detroit & M. R. Co. v. Van Steinburg, 17 Mich. 99: "These inferences of facts can never be artifically defined or systematized."

Presumptions of fact, from their very natures, are not strictly objects of legal science, like presumptions of law. Ireland v. Oswego, H. & S. Pl. Road Co. 13 N. Y. 533.

The rule that requires a party before he crosses a railroad track to stop, look, and listen, is the only one that approaches universality of application in reference to a particular class of accidents. Cumberland Valley R. Co. v. Maugans, 61 Md. 61, 48 Am. Rep. 88. Case for the court "must present some prominent and decisive act in regard to the effect and character of which no room is left for ordinary minds to differ." Ibid.

Persons to whom the management of railways is intrusted are bound to exercise the strictest vigilance. They are responsible for every injury caused by defects in the roads, the cars, or the engine. Pennsylvania R. Co. v. Aspell, 23 Pa. 147, 62 Am. Dec. 323.

The measure of precaution which ordinary prudence suggests is in due proportion to the probability of danger. Ernst v. Hudson River R. Co. 35 N. Y. 9, 90 Am. Dec. 761.

Care in avoiding danger implies that there is, or would be, with all prudent persons a sense or something to create a sense of danger; for, if the circumstances are not such as would put a prudent and cautious person upon his guard, the omission to exercise more than ordinary attention is not the negligence

which contributes to an accident. Gordon v. Grand Street & N. R. Co. 40 Barb. 546.

A man is under no obligation to be cautious and circumspect towards a wrongdoer. Tonawanda R. Co. v. Munger, 5 Denio, 266, 49 Am. Dec. 239. See also Taber v. Delaware, L. & W. R. Co. 71 N. Y. 489; Camden & P. S. B. Ferry Co. v. Monaghan, 10 W. N. C. 46.

In the absence of express rules, everyone knows that what might be consistent with safety on a street car would be extremely hazardous on a steam-railway car. Germantown Pass. R. Co. v. Walling, 97 Pa. 55, 39 Am. Rep. 796.

A person has no more right to run over another lawfully or unlawfully, rightfully or wrongfully, on the track, if he can by the exercise of ordinary care avoid doing so, than he has to shoot him. Such a case furnishes a just and well-established exception to the general rule that the contributive negligence on the part of the plaintiff will defeat recovery. Kenyon v. New York C. & H. R. R. Co. 5 Hun, 479. See Davies v. Mann, 10 Mees. & W. 545; Radley v. London & N. W. R. Co. L. R. 1 App. Cas. 754; Thomp. Neg. 1108; New Jersey R. Co. v. Palmer, 33 N. J. L. 90.

The negligence must be proximate, and not remote, in order to constitute contributory negligence.

It must be negligence occurring at the time the accident happened. Notwithstanding the previous negligence at the time when the injury was committed, if it might have been avoided by the defendant, by the exercise of reasonable care and prudence, an action will lie for the injury. Austin v. New Jersey S. B. Co. 43 N. Y. 75, 3 Am. Rep. 663; Shearm. & Redf. Neg. § 25.

One who is injured by the negligence of another cannot recover, at law or in equity, any compensation for his injury, if he by his own fault or ordinary negligence proximately contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault the injury would not have happened to him, except where the more proximate cause of the injury is the omission of the other party after becoming aware of the danger to which the former party is exposed to use a proper degree of care to avoid injuring him. Tuff v. Warman, 5 C. B. N. S. 573, Affirming 2 C. B. N. S. 740; Wright v. Brown, 4 Ind. 95, 58 Am. Dec. 622; Lafayette

# BEATTIE *v.* CITIZENS' PASSENGER R. CO.

& I. R. Co. v. Adams, 26 Ind. 76; Louisville & N. R. Co. v. Collins, 2 Duv. 114, 87 Am. Dec. 486; Chicago & R. I. R. Co. v. Still, 19 Ill. 499, 71 Am. Dec. 236; Button v. Hudson River R. Co. 18 N. Y. 248-258; Austin v. New Jersey S. B. Co. 43 N. Y. 75, 3 Am. Rep. 663; Spofford v. Harlow, 3 Allen, 176; Philadelphia & R. R. Co. v. Spearen, 47 Pa. 300, 86 Am. Dec. 544; Harvey v. Rose, 26 Ark. 3, 7 Am. Rep. 595.

The cases sustaining like texts in Wharton on Negligence, 326–338, are collected, not singly, but in battalions. See also Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191; Mahoney v. Metropolitan R. Co. 104 Mass. 73; Lane v. Atlantic Works, 107 Mass. 104; Britton v. Cummington, 107 Mass. 347.

*Slagle & Wiley,* for defendant in error.—Negligence is a question for the jury if there be reasonable doubt as to the facts tending to prove it, or as to the just inferences to be drawn therefrom. If the facts be admitted or ascertained, it is the duty of the court to declare the law thereon. It is settled law that a jury shall not be permitted, arbitrarily and without evidence, to infer there was negligence. Baker v. Fehr, 97 Pa. 72; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 121; Goshorn v. Smith, 92 Pa. 438; Adams Exp. Co. v. Sharpless, 77 Pa. 517.

Where facts have not been shown, from which negligence may be reasonably inferred, they should not be submitted to a jury to infer, arbitrarily and without evidence that there was negligence. Goshorn v. Smith, 92 Pa. 438.

The question is not whether there is any evidence, but whether there is sufficient evidence. To find without sufficient evidence is to find without evidence. Howard Exp. Co. v. Wile, 64 Pa. 201; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 124.

Negligence cannot be presumed from the happening of the accident, but must be shown by the evidence. Gramlich v. Wurst, 86 Pa. 78, 27 Am. Rep. 684; Jennings v. Pennsylvania R. Co. 93 Pa. 337; Reading & C. R. Co. v. Latshaw, 93 Pa. 449; Baker v. Fehr, 97 Pa. 72.

It would be a hard rule of law which would inflict upon a company the consequences of every accident which might occur upon a car, simply because it was not as convenient to work as the best machinery would be. Such is not the established rule of responsibility. Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684; Payne v. Reese, 12 W. N. C. 97.

But admitting .in this case that the brakes were in such condition as to be unfit for service, which the evidence does not show, it was still the duty of the plaintiff to show that the accident was occasioned by this defect.  Goshorn v. Smith, 92 Pa. 439.

Where there is no dispute about the facts, the court may decide what amounts to contributory negligence as a question of law.  Gramlich v. Wurst, 86 Pa. 78, 27 Am. Rep. 684; Gerety v. Philadelphia, W. & B. R. Co. 81 Pa. 274; Central R. Co. v. Feller, 84 Pa. 226.

We do not contend that it was negligence in the plaintiff to stand upon the front platform.  His doing so did not contribute to the accident.  It is not necessary that we should claim that it was negligence in him to attempt to get off the car while in motion, although, as before said, if it was negligence in the defendant not to stop the car in order to let him off, it must be contributory negligence for him to attempt to get off before the car was fully stopped.  Hagan v. Philadelphia & G. Ferry R. Co. 10 W. N. C. 360; Pennsylvania R. Co. v. Aspell, 23 Pa. 147, 62 Am. Dec. 323; Newberry v. Railroad Co. 1 Legal Gazette, 71; Fish v. Cooper's Point & P. Ferry Co. 4 Phila. 103.

PER CURIAM:

The plaintiff's own evidence shows he was guilty of contributory negligence.  While the car was in motion he stepped from the front platform with his back towards the horses, retaining his hold on the dashboard.  The forward movement of the car pulled him backwards and very naturally resulted in throwing him on the ground.  The learned judge was clearly right in taking the case from the jury.

Judgment affirmed.